Dear Mr. Goolsby:
As the Hamilton County Property Appraiser, you ask the following questions:
1) In order to be eligible for the homestead exemption provided for in section 196.081(1), Florida Statutes, must a veteran hold title to the property, either in his or her name or together with his or her spouse, on January 1 of the tax year for which the exemption is claimed?
2) May the surviving spouse of a veteran claim any carry-over benefit of the exemption provided in section 196.081(3), Florida Statutes, if the veteran never held title to the property for which the exemption is claimed, either in the veteran's own name or together with the surviving spouse?
Question One
Section 196.081(1), Florida Statutes, provides:
"Any real estate that is owned and used as a homestead by a veteran who was honorably discharged with a service-connected total and permanent disability and for whom a letter from the United States Government or United States Department of Veterans Affairs or its predecessor has been issued certifying that the veteran is totally and permanently disabled is exempt from taxation, if the veteran is a permanent resident of this state on January 1 of the tax year for which exemption is being claimed or was a permanent resident of this state on January 1 of the year the veteran died."[1]
The process for applying for an exemption under this section is described in section 196.011, Florida Statutes. As set forth in that section:
"(1)(a) Every person or organization who, on January 1, has the legaltitle to real or personal property, except inventory, which is entitledby law to exemption from taxation as a result of its ownership and use shall, on or before March 1 of each year, file an application for exemption with the county property appraiser, listing and describing the property for which exemption is claimed and certifying its ownership and use. The Department of Revenue shall prescribe the forms upon which the application is made. Failure to make application, when required, on or before March 1 of any year shall constitute a waiver of the exemption privilege for that year, except as provided in subsection (7) or subsection (8)."[2] (e.s.)
The provisions of section 196.011, Florida Statutes, are clearly applicable to veterans claiming an exemption under section 196.081, Florida Statutes.[3] Thus, the statutory scheme for an exemption under sections 196.011 and 196.081, Florida Statutes, clearly requires that legal title to the property for which the exemption is claimed must be held on January 1 of the year for which the exemption is claimed.
This office in Attorney General Opinion 03-05 stated that a permanently and totally disabled veteran is required by sections 196.011
and 196.081, Florida Statutes, to hold title to the property for which he or she claims an exemption on January 1 of the tax year for which the exemption is claimed. I am not aware of any legislative or judicial action that would alter such a conclusion.
Accordingly, I am of the opinion that in order to be eligible for the homestead exemption provided for in section 196.081(1), Florida Statutes, a veteran must hold title to the property, either in his or her name or together with his or her spouse, on January 1 of the tax year for which the exemption is claimed.
Question Two
You ask whether the surviving spouse of a veteran may claim the carry-over benefit of the exemption provided in section 196.081(3), Florida Statutes, if the veteran never held title to the property for which the exemption is claimed, either in the veteran's own name or together with the surviving spouse.
Section 196.081(3), Florida Statutes, provides:
"If the totally and permanently disabled veteran predeceases his or her spouse and if, upon the death of the veteran, the spouse holds the legal or beneficial title to the homestead and permanently resides thereon as specified in s. 196.031,[4] the exemption from taxation carries over to the benefit of the veteran's spouse until such time as he or she remarries or sells or otherwise disposes of the property. If the spouse sells the property, an exemption not to exceed the amount granted from the most recent ad valorem tax roll may be transferred to his or her new residence, as long as it is used as his or her primary residence and he or she does not remarry."
Section 196.081(3), Florida Statutes, thus permits the total exemption from ad valorem taxation provided by the statute for a permanently and totally disabled veteran to carry over to the surviving spouse upon the death of the veteran. In considering this language, this office in Attorney General Opinion 97-59 stated that the surviving spouse of a permanently and totally disabled veteran, who was qualified to claim the total exemption from ad valorem taxes on January 1 of the year he or she died, is entitled to the carry-over of the exemption afforded by section196.081(3), Florida Statutes.[5]
As discussed in Question One, in order to be eligible for the homestead exemption provided for in section 196.081(1), Florida Statutes, a veteran must hold title to the property, either in his or her name or together with his or her spouse, on January 1 of the tax year for which the exemption is claimed. Thus, if the veteran never held title to the property for which the exemption is claimed, either in the veteran's own name or together with the surviving spouse, the surviving spouse of a veteran may not claim any carry-over benefit of the exemption provided in section 196.081(3), Florida Statutes.
Section 196.081(3), Florida Statutes, does contain an exception. It authorizes the surviving spouse to sell or dispose of the veteran's property and still maintain his or her entitlement to the veteran's total exemption so long as the subsequent property is used as his or her primary residence and the surviving spouse does not remarry. Thus, if property in which the deceased veteran held title and was qualified to claim the total exemption from ad valorem taxes on January 1 of the year he or she died was sold by the surviving spouse and new property purchased for the spouse's residence, it would not be necessary for the deceased veteran to have held title on the new property in order for the surviving spouse to claim the exemption.
I would further note that pursuant to section 196.081(4), Florida Statutes, any real estate that is owned and used as a homestead by the surviving spouse of a veteran who died from service-connected causes while on active duty as a member of the United States Armed Forces, and for whom a letter from the United States Government or United States Department of Veterans Affairs or its predecessor has been issued certifying that the veteran who died from service-connected causes while on active duty, is exempt from taxation if the veteran was a permanent resident of this state on January 1 of the year in which the veteran died. Thus, this subsection does not require that homestead property be owned by a veteran at the time of his or her death from service-connected causes while on active duty, provided the veteran was a permanent resident of Florida on January 1 of the year in which he or she died.[6]
Accordingly, I am of the opinion that the surviving spouse of a veteran may not claim the carry-over benefit of the exemption provided in section 196.081(3), Florida Statutes, if the veteran never held title to the property for which the exemption is claimed, either in the veteran's own name or together with the surviving spouse, unless property to which the veteran held title and was qualified to claim the exemption on January 1 of the year he or she died was subsequently sold by the surviving spouse and a new residence purchased. In such cases, the surviving spouse would be entitled to the exemption on the new residence, not to exceed the amount granted from the most recent ad valorem tax roll, as long as the new property is used as his or her primary residence and he or she does not remarry. In addition, if the death of the veteran is from service-connected causes while on active duty and the veteran was a permanent resident of Florida on January 1 of the year in which he or she died, the surviving spouse may claim the exemption pursuant to section 196.081(4), Florida Statutes, for property he or she owns that qualifies as homestead property, even though the veteran held no interest in the property.
[1] See Art. VII, s. 3(b), Fla. Const., which provides in pertinent part that "[t]here shall be exempt from taxation . . . to every widow or widower or person who is blind or totally and permanently disabled, property to the value fixed by general law not less than five hundred dollars." This provision contains the organic authorization for the Legislature to enact general laws exempting from taxation property of totally and permanently disabled persons in an amount not less than $500. This provision which contemplates legislative implementation requires that such implementation be done by general law. The amount of the exemption, which may not be less than $500, is otherwise left to the wisdom and discretion of the Legislature. Section 196.081, Fla. Stat., is a general law implementing this constitutional provision.See Op. Att'y Gen. Fla. 76-228 (1976).
[2] Section 196.011(7), Fla. Stat., authorizes a value adjustment board to grant an exemption for an otherwise eligible applicant if the applicant can clearly document that failure to apply by March 1 was the result of a postal error; subsection (8) states that an applicant who is qualified to receive an exemption and who fails to file an application by March 1, may file an application for the exemption and a petition with the value adjustment board requesting that the exemption be granted.
[3] See, e.g., s. 196.011(1)(b), Fla. Stat., which states:
"The form to apply for an exemption under s. 196.031, s. 196.081, s.196.091, s. 196.101, or s. 196.202 must include a space for the applicant to list the social security number of the applicant and of the applicant's spouse, if any. If an applicant files a timely and otherwise complete application, and omits the required social security numbers, the application is incomplete. In that event, the property appraiser shall contact the applicant, who may refile a complete application by April 1. Failure to file a complete application by that date constitutes a waiver of the exemption privilege for that year, except as provided in subsection (7) or subsection (8)." (e.s.)
[4] Section 196.031, Fla. Stat., provides for a homestead exemption for "[e]very person who, on January 1, has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence, or the permanent residence of another or others legally or naturally dependent upon such person[.]"
[5] Attorney General Opinion 97-59 recognized that prior to 1994, s.196.081, Fla. Stat. (1993), required the surviving spouse to hold title to the property as a tenant by the entirety at the time of the veteran's death. This requirement was eliminated by Chapter 93-400, Laws of Florida, which became effective January 1, 1994, and liberalized some of the requirements of the former statute. See, e.g., the title to Ch.93-400, Laws of Fla., which states that the act amends s. 196.081, Fla. Stat., "revising procedures and requirements for qualifying for the homestead exemption for totally and permanently disabled veterans; revising provisions which specify conditions under which the exemption carries over to the benefit of the surviving spouse[.]" The opinion states that the conclusion that a widow can file for a total exemption so long as the veteran was qualified on January 1 of the year in which he died, "is clearly in accord with the legislative history of the act.See Staff Analysis for House Bill 3-B, subsequently designated Chapter 93-400, Laws of Florida, dated May 28, 1993." And see Rule12D-7.004(4)(a) and (b), Fla. Admin. C.
[6] See s. 196.081(4)(c), Fla. Stat., which provides:
"(c) The tax exemption that applies under paragraph (a) to the surviving spouse carries over to the benefit of the veteran's surviving spouse as long as the spouse holds the legal or beneficial title to the homestead, permanently resides thereon as specified in s. 196.031, and does not remarry. If the surviving spouse sells the property, an exemption not to exceed the amount granted from the most recent ad valorem tax roll may be transferred to his or her new residence as long as it is used as his or her primary residence and he or she does not remarry."
And see Op. Att'y Gen. Fla. 98-61 (1998) stating that s. 196.081(4), Fla. Stat., does not require that homestead property be owned by a veteran at the time of his or her death from service-connected causes while on active duty, but requires that the veteran be a permanent resident of Florida on January 1 of the year in which he or she died.